Vermont Superior Court
Environmental Division

=========================================================================
E N T R Y   R E G A R D I N G   M O T I O N
=========================================================================

Ridgewood Est. HOA & Indian Creek HOA          Docket No. 57-4-10 Vtec
Project:    Ridgewood Est. HOA & Indian Creek HOA
Applicant:  Ridgewood Est & Indian Creek HOA

                                          ANR Storm Water Permit

Title: Motion to Dismiss for Lack of Standing, No. 1
Filed:      June 24, 2010
Filed By: Gjessing, Catherine, Attorney for: Interested Person Agency of Natural
Resources
Response filed on 07/13/10 by Appellant Daniel S. Connelly Opposition


___ Granted              ___ Denied              ___ Other


     The subject of this appeal is a March 16, 2010 decision of the Department
of Environmental Conservation of the Vermont Agency of Natural Resources (ANR)
authorizing stormwater discharge from the Ridgewood Estates and the Indian Creek
Condominiums to Potash Brook under the authority of National Pollutant Discharge
Elimination System (NPDES) General Permit 3-9030.  This stormwater General
Permit and the ANR's related residual designation decision were issued in
November 2009 by the ANR under the authority of the state's water pollution
control statute, 10 V.S.A. ch. 47. The state has been delegated authority for
the federal NPDES program.  See generally In re NPDES Stormwater Petition, 2006
Vt. 91, 180 Vt. 261; In re Stormwater NPDES Petition, No. 14-1-07 Vtec (Vt. Env.
Ct. Aug. 28, 2008) (Durkin, J.).

     In his Notice of Appeal filed April 13, 2010, and his "Annex to Pleading"
filed June 9, 2010, Appellant asserts only a financial interest as a condominium
owner in one of the two homeowners' associations that had applied for this
authorization.  He does not assert that he has a particularized interest that is
affected or potentially affected in any way related to the environmental effects
of the stormwater discharge.  That is, he does not allege an injury to a
particularized interest protected by the relevant state environmental statutes
listed in 10 V.S.A. § 8503, which is a requirement for standing under the
definition of "person aggrieved" in 10 V.S.A. § 8502(7).  See 10 V.S.A.
§ 8502(7) (defining a "[p]erson aggrieved" to mean "a person who alleges an
injury to a particularized interest protected by the provisions of law listed in
[§] 8503"); see also id. § 8504(a) ("[a]ny person aggrieved by an act or
decision of the secretary . . . under the provisions of law listed in [10 V.S.A.
§] 8503 . . . may appeal to the environmental court).

Until his most recent filing, the interest Appellant claims to be affected by the March 16, 2010 decision was solely the potential for his financial liability, as a member of the Indian Creek Homeowners' Association, for "obligations for common expenses including permit enforcement penalties and corrective actions" due to the fact that the Indian Creek and Ridgewood Estates discharges were considered together in a single application. Appellant's Notice of Appeal (Apr. 13, 2010). In paragraph 6.2 of Appellant's July 13, 2010 response to the ANR Motion to Dismiss for Lack of Standing, he adds the issue that the value of his property "will be depressed by the added liability and costs, under this permit, for treating storm water discharge activity located solely at Ridgewood." These potential financial interests are not within the zone of interest protected or regulated by the state water pollution control statute. See, e.g., In re Unified Buddhist Church, Inc., Indirect Discharge Permit, No. 253-10-06 Vtec, slip op. at 2-4 (Vt. Envtl. Ct. Aug. 15, 2007) (Wright, J.) (finding standing for watershed association due to potential for effect of discharge on members' use and enjoyment of stream, which was an interest protected by the statute invoked). See also Hinesburg Sand & Gravel Co., Inc., 166 Vt. 337, 341-42 (1997) (discussing zone-of-interests test).

However, in paragraph 6.3 of his July 13, 2010 response to the ANR Motion to Dismiss for Lack of Standing, Appellant raises for the first time the aesthetics issue that an existing pond on Indian Creek property "may be substantially drained to create a detention [pond] for storm water runoff activities located solely at Ridgewood." He claims that he and his guests observe wildlife at Indian Creek and that the resulting "muddy, shallow pool" will "alter[] the ecology of this pond to the detriment of the particularized aesthetic interest previously enjoyed by [himself] and his guests." Of the interests claimed by Appellant, this interest alone is a potential injury in fact capable of being redressed by this Court in a proceeding under the statute at issue in this appeal. See In re Champlain Marina, Inc., Dock Expansion, No. 28-2-09 Vtec, slip op. at 5-8 (Vt. Envtl. Ct. July 31, 2009) (stating that in order to have standing under 10 V.S.A. § 8502(7), "aggrieved person[s]" must assert an interest that falls within "the 'zone of interests' of the statute under which they claim standing," and holding that neighbors had standing due to the asserted impacts of the proposed project on their "esthetic" interests that were to be protected under the applicable statute).

        Accordingly, the ANR's Motion to Dismiss this appeal for lack of Appellant's standing is GRANTED in Part, as to the financial interests claimed by Appellant, and is DENIED as to Appellant's aesthetic interests in observing wildlife at the pond in question.  However, the Motion to Dismiss Questions from the Statement of Questions will be analyzed in the context of the limited issue on which Appellant has standing.


_____     _____
                 Judge                                   Date
=====================================================================
Date copies sent to:  _____           Clerk's Initials _____
Copies sent to:
    Appellant Daniel S. Connelly
    Attorney Catherine Gjessing for Interested Person Agency of Natural Resources
    Attorney William E. Flender for Interested Person City of South Burlington
    Co-Counsel for party 6 Cielo Marie Mendoza
    Interested Person Ridgewood Estates Homeowners Association, Inc.